IN THE UNITED STATES COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| OSUN FATIMAH SHEKHEM, | ) |
| Plaintiff, | ) Civil Action No. 7:07CV00320 |
| | ) MEMORANDUM OPINION |
| v. | ) |
| NORFOLK SOUTHERN | ) by Samuel G. Wilson |
| CORPORATION, | ) United States District Judge |
| Defendant. | ) |

This is an action by Osun Fatimah Shekhem against her former employer Norfolk Southern Corporation (" Norfolk Southern") alleging violations of Title VII, the American with Disabilities Act, the Family Medical Leave Act, the Equal Pay Act, and Section 1981. This court has jurisdiction over these federal claims under 28 U.S.C. § 1331. Following a hearing on Norfolk Southern's motion to dismiss, the parties stipulated to the dismissal of several theories of recovery. The matter is now before the court on Norfolk Southern's motions to dismiss the remaining claims under Federal Rule of Civil Procedure 12(b)(5) for untimely service and under Rule 12(b)(6) for failure to state a claim. The court finds Shekhem's service timely and finds the remaining allegations sufficient to raise Shekhem's right to relief as to those claims above a speculative level. Therefore, the court denies Norfolk Southern's remaining motions.

I

Shekhem brought this action raising seven discrimination claims against Norfolk Southern. In support of her claims, Shekhem alleges that other Norfolk Southern employees were paid higher wages and unfairly promoted before her on account of their race and sex. Shekhem also alleges that when she complained of discrimination to the human resources

department, she was harassed and ostracized by her supervisor and co-workers in retaliation. Finally, Sheckhem alleges that Norfolk Southern fired her in retaliation for complaining of discrimination as well as exercising her rights under the FMLA. After filing her complaint, Shekhem moved this court to extend the time for her to serve process on Norfolk Southern beyond the 120-day period provided for service under Federal Rule of Civil Procedure 4(m). This court granted that motion and Shekhem served process within the extended period. Norfolk Southern brought this motion to dismiss and the parties stipulated to the dismissal of various theories of recovery.[1] The court now considers the remaining claims on Norfolk Southern's motion to dismiss.

## II

Norfolk Southern argues that Shekhem served her complaint on them outside of the 120-day period provided for service in Federal Rule of Civil Procedure 4(m). Norfolk Southern contends that although this court granted Shekhem an extension of time to serve process, Shekhem did not show good cause for the time extension. Therefore, Norfolk Southern argues that service was not timely, constituting insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). The court finds that it allowed Shekhem an extension of time to serve

---

[1] This court ordered the following portions of Shekhem's complaint dismissed pursuant to the parties' stipulation:
1. Counts I and II of the Complaint as it relates to acts which occurred prior to January 10, 2006 and to the extent that those acts form the basis for an independent claim
2. Count III of the Complaint
3. Count IV of the Complaint only as it relates to a claim that Defendant interfered with the rights proscribed by the Family and Medical Leave Act; and
4. Count VI of the Complaint as it relates to acts prior to June 22, 2003 and to the extent that those acts form the basis for an independent claim of discrimination.

2

process within its discretion and that service was therefore timely.

Federal Rule of Civil Procedure 4(m) requires that the plaintiff serve a summons and complaint on the defendant in the case within 120 days of filing a complaint. Fed. R. Civ. P. 4(m). However, Rule 4(m) provides "the district court discretion to extend the time for service" beyond the 120-day period. Mendez v. Elliot 45 F.3d 75, 79 (4th Cir. 1995). Further, the Supreme Court has stated that Rule 4(m) grants a "district court the discretionary power to grant an extension of time in order to allow for service of process even if no good cause is shown." Henderson v. United States, 517 U.S. 654, 658 n. 5 (1996).

This court, within its discretion under Rule 4(m), granted Shekhem an extension of time for service of process. Shekhem served Norfolk Southern with her complaint and summons within the extended time period. Therefore, the court denies Norfolk Southern's 12(b)(5) motion to dismiss.

### III

Norfolk Southern argues that the allegations in Shekhem's complaint do not raise her right to relief on her claims above a speculative level and therefore this court should dismiss her complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The court finds that Shekhem's complaint meets the requirements to withstand a motion to dismiss and denies Norfolk Southern's motion.

After the stipulated dismissal, Shekhem's remaining claims are: (I) Title VII sex discrimination by acts occurring on or after January 10, 2006, (II) Title VII race discrimination by acts on or after January 10, 2006, (IV) retaliatory firing for exercising her rights under the FMLA (but not any interference with the proscribed rights themselves), (V) a violation of the Americans

3

with Disabilities Act, (VI) Section 1981 race discrimination by acts on or after June 22, 2003, and (VII) a violation of the Equal Pay Act.

The court has reviewed the specific allegations of Shekhem's complaint in support of each of her claims and finds that those allegations, taken as true, raise her right to relief above a mere speculative level. Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1965 (2007) (holding that in order to withstand a 12(b)(6) motion, a plaintiff's factual allegations must raise her right to relief above the speculative level). Accordingly, the court denies Norfolk Southern's 12(b)(6) motion to dismiss.

## IV

For the foregoing reasons, the court denies Norfolk Southern's motion to dismiss as to those parts of Shekhem's complaint not dismissed under the parties' stipulation.

**ENTER**: This 28th day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE